Filed in Madison District Court
*** EFILED ***
Case Number: D07CI210000390
Transaction ID: 0014120914
Filing Date: 08/24/2021 02:26:04 PM CDT

IN THE DISTRICT COURT OF MADISON COUNTY, NEBRASKA

| | | |
|---|---|---|
| TABITHA PETERSON, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| MENARD, INC. | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff alleges:

1. Plaintiff is a resident of Leigh, Colfax County, Nebraska;

2. Defendant is a corporation doing business in Norfolk, Madison County, Nebraska;

3. This action arises from a slip and fall at the Menards in Norfolk, Nebraska on or about September 1, 2017. The Plaintiff was exiting the store when she slipped and fell in water in the front entryway of the store.

4. At all times relevant hereto, Ms. Peterson was a lawful entrant on the premises of the Defendants

5. On or about September 7, 2017, the plaintiff attempted to exit the premises when she slipped and fell on water in the door way, where visitors, employees and customers would be expected to ingress into and egress out of the business.

6. Defendants failed to take steps to eliminate the wet condition, warn of the dangerous wet condition, or otherwise use reasonable care to protect lawful visitors against the wet danger.

7. Defendant, Menard, Inc., had a nondelegable duty to protect the plaintiff and its customers against the accumulation of water in a high volume of traffic area in and out of the entrance in question which created unreasonable risk of harm to the plaintiff.

8. The Defendants were negligent in one or more of the following particulars and such negligence was a proximate cause of the plaintiff's injuries:

   a. Failing to maintain its walkways coming into and out of the building where lawful visitors are known to traverse to enter and exist the building.

   b. Failing to remove the water at the entrance and exit where plaintiff slipped and fell.


EXHIBIT A

    c. Failing to adequately monitor and inspect for water at or near its walkways and entrances and exits into and out of the building which created an unreasonable risk of harm and dangerous trap for visitors like that of the plaintiff when defendants knew or should have known that water would regularly accumulate in entrances and exits from the building.

    d. Defendants failed to provide adequate warning or notice for the slippery conditions at the time of the accident where lawful visitors such as the plaintiff could discover slippery conditions but for the water coming into the building at the entrances and exits;

9. The slippery condition was a direct and proximate cause of injuries to the plaintiff, including a fractured leg. These injuries caused significant physical pain and mental suffering, loss of enjoyment of life, lost wages, permanent physical impairment and disability, and will continue to cause the damages into the future.

10. The condition was a direct and proximate cause of monetary damage to plaintiff in that plaintiff has to date incurred reasonable and necessary medical expenses in the amount of $51,295.48 to date; as well as lost wages, and general damages in an amount to be determined by a jury.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for approximately $51,295.48 medical expenses to date, lost work, loss of enjoyment of life into the future, and pain and suffering, plus general damages in an amount to be determined by a jury, and for costs incurred in the action.

                    TABITHA PETERSON, Plaintiff

                    REHM, BENNETT,
                    MOORE & REHM, P.C., L.L.O.
                    3701 Union Dr., #200
                    Lincoln, NE 68516
                    (402) 420-1400
                    E-mail: rodrehm@rehmlaw.com

                    For the firm: s/Rod Rehm
                              Rod Rehm    #13468

| | | |
|---|---|---|
| Image ID: D00067521D07 | **SUMMONS** | Doc. No. 67521 |

IN THE DISTRICT COURT OF Madison COUNTY, NEBRASKA
PO Box 249
Madison          NE 68748

Tabitha Peterson v. Menard, Inc

Case ID: CI 21   390

TO: Menard, Inc

You have been sued by the following plaintiff(s):

  Tabitha Peterson

Plaintiff's Attorney:   Rodney J Rehm
Address:                3701 Union Dr #200
                        Lincoln, NE 68516

Telephone:              (402) 474-2300

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself.

Date:  JANUARY 11, 2022     BY THE COURT:  *Monica J Rothuhar*
                                            Clerk

Page 1 of 2

| Image ID:<br>D00067521D07 | **SUMMONS** | Doc. No.   67521 |

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

        Menard, Inc
        The Prentice-Hall Corp System
        233 S. 13th St. Ste 1900
        Lincoln, NE 68508

Method of service:   Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

| REGISTRATION OF EMAIL ADDRESS FOR SELF REPRESENTED LITIGANT |
|---|

IN THE DISTRICT COURT OF Madison COUNTY, NEBRASKA
PO Box 249
Madison            NE 68748

Case ID: D  7  CI  21    390

Tabitha Peterson v. Menard, Inc

I am currently representing myself in the court case above.

I am not registered with the court-authorized service provider.

I must register my email address with the court before I have filed any documents in this case, or within 10 days after I received a notice from the court. This is required by Neb. Ct. R. § 2-208(C)(1).

If I do not have the ability to receive emails, I must use this form to tell the court why I cannot get email service.

☐  My email address where I will receive notices from the court for this case is:

_____

I understand that emailing documents to this email address is considered to meet legal notice requirements.

I am responsible to notify the court if I change my email address or other contact information by completing the Change of Contact Information form (DC 3:02). Neb. Ct. R. §§ 2-208(E).

☐  I do not have the ability to receive emails. The reason I cannot receive email is:

_____
_____
_____

_____    _____
Signature                              Date

_____    _____
Name                                   Street Address/P.O. Box

_____    _____
Phone                                  City/State/ZIP Code